BATES-BOWMAN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11357. Promulgated August 4, 1930.

*E. Kennedy McCook, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

PHILLIPS: This is a proceeding under Rule 62 (b) of the Board's rules of practice. In a deficiency letter dated December 7, 1925, the Commissioner proposed assessments of deficiencies against petitioner in income and profits taxes in the amounts of $4,821.59 for 1919, $21,150.61 for 1920, and $12,393.18 for the year 1921. In arriving at these deficiencies the Commissioner computed the excess-profits taxes for the years 1919 and 1921 under section 302 of the Revenue Acts of 1918 and 1921, and for the year 1920 under section 328 of the Revenue Act of 1918.

A hearing was had January 15, 1929, upon all the questions not abandoned, upon which petitioner asked for a redetermination of deficiencies, except special assessment under the provisions of sections 327 and 328 of the Revenue Acts of 1918 and 1921, which was reserved for further hearing under Rule 62. In *Bates-Bowman Corporation*, 16 B. T. A. 878, promulgated June 4, 1929, the Board disposed of all questions before it on the first hearing. Thereafter the respondent amended his answer to allege that the deficiency for 1920 was $38,072.75, which amount was arrived at by computing the profits tax under section 302 of the Revenue Act of 1918. He alleges that he erred in his deficiency letter of December 7, 1925, in computing the profits tax for the year 1920 under section 328 of the Revenue Act of 1918, for the reason that no abnormality under section 327 of said act existed in petitioner's income or invested capital.

The principal facts are set out in our earlier decision. It appears that in July, 1918, the petitioner acquired a lease of the Murray Hill Hotel from one Bates in exchange for all of its capital stock. The lease was for 10 years, and provided for an annual rental of $74,250 and payment by the petitioner of all assessments, taxes, water-rents and other such charges. In the event of a sale, the lease would be canceled on notice of 60 days. Because of this cancellation clause the Board held that the leasehold had no " actual cash value " which could be included in computing invested capital or as a basis for an allowance of a deduction for the exhaustion thereof.

It is contended, however, and established by the evidence, that the rent reserved in the lease was much less than would normally have been paid. Since the lease was made between a corporation and its sole stockholder, such a situation is not unusual. This lease was the principal, if not the only factor that produced the income upon which the tax is levied. All such cases do not fall within section 327 of the Act, but where there is such a substantial difference between the rent paid and the rent which normally would have been paid by any other

lessee, an abnormality in the income results, entitling the petitioner to any relief which may be afforded by a computation of its tax under section 328 of the Act.

*Decision will be entered under Rule 62 (c).*